NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | |
| JOHN CLEMENTE, | Adversary Action No. 09-02039 (MBK) |
| | Civil Action No. 10-05066 (JAP) |
| Debtor. | |
| | **OPINION** |
| LINDA CLEMENTE, | |
| Plaintiff, | |
| v. | |
| JOHN CLEMENTE, | |
| Defendant. | |

PISANO, District Judge.

On May 26, 2010, Bankruptcy Judge Michael B. Kaplan of the United States Bankruptcy Court (the "Bankruptcy Court") denied a request by plaintiff-appellant Linda Clemente ("Plaintiff") to declare that counsel fees incurred by Plaintiff in connection with the bankruptcy proceedings were non-dischargeable under 11 U.S.C. §§ 523(a)(5) and (a)(15). Presently before the Court is an appeal by Plaintiff of that decision. For the following reasons, the decision of the Bankruptcy Court will be affirmed.

### I.    BACKGROUND

Plaintiff and her ex-spouse debtor-defendant John Clemente ("Defendant") engaged in lengthy divorce proceedings in the Superior Court of New Jersey beginning in August of 2003. The parties engaged in extensive litigation to determine financial support obligations in

connection with those divorce proceedings.  The matter was tried before Honorable Terence P. Flynn, J.S.C., and, on August 7, 2006, the Superior Court entered a judgment of divorce, which was subsequently amended on August 24, 2006.  The judgment awarded Plaintiff $2,374,138 in equitable distribution, $14,312 per month in permanent alimony and $387 per week in child support.  The judgment further provided that Defendant was responsible to pay $84,211 in counsel fees to Plaintiff's law firm as well as $100,044 for accounting fees incurred by Plaintiff in connection with the divorce proceedings.

On January 17, 2008, Defendant filed a voluntary petition for bankruptcy pursuant to Chapter 11 of the United States Bankruptcy Code.  Defendant sought limited relief from the automatic stay provisions of 11 U.S.C. § 362(a) to prosecute an appeal of the divorce court's decision.  The Bankruptcy Court granted this relief and Defendant filed an appeal.  On November 28, 2008, the Appellate Division denied Defendant's appeal and affirmed the judgment of the trial court.  The Appellate Division also granted Plaintiff's motion for $23,000 in counsel fees in connection with the appeal.  Defendant appealed the Appellate Division's decision to the Supreme Court of New Jersey.  In March of 2009, the Supreme Court denied Defendant's petition for certification and awarded costs to Plaintiff for her opposition.

Meanwhile, in the bankruptcy proceeding, Plaintiff moved to have Defendant's case dismissed for bad faith or, alternatively, for the appointment of a trustee.  The Bankruptcy Court appointed an examiner in the matter, who issued a report detailing findings regarding Defendants' assets and business.  Based on the examiner's report, the Bankruptcy Court appointed a trustee in the matter. On April 24, 2009, Defendant moved to convert his Chapter 11 case to one under Chapter 7 of the United States Bankruptcy Code.  In granting Defendant's

motion, the Bankruptcy Court noted Defendant's untimely and delinquent domestic support obligations.

Plaintiff filed an adversary complaint against Defendant on July 14, 2009, asking the Bankruptcy Court declare all debts owed by Defendant related to the divorce proceedings and the bankruptcy proceedings non-dischargeable under 11 U.S.C. §§ 523(a)(5) and (a)(15). In connection with this adversary action, Defendant failed to comply with various discovery requests by Plaintiff, which resulted in the filing of two motions to strike Defendant's answer by Plaintiff and multiple court appearance by counsel. On April 14, 2010, Plaintiff moved for summary judgment. The Bankruptcy Court granted Plaintiff's motion with respect to the debts owed by Defendant related to the prior divorce proceedings. However, the Bankruptcy Court denied Plaintiff's motion with respect to the debts owed by Defendant in connection with the bankruptcy proceeding. On September 9, 2010, Plaintiff filed a Notice of Appeal of the Bankruptcy Court's decision.

## II.     STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158(a). Such appeals are a matter of right. Bankruptcy Rule 8013 provides that the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013. Appellate courts review "the bankruptcy court's legal determinations *de novo,* its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare System, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)).

## III. DISCUSSION

The general rule is that, absent a federal statute or enforceable contract providing for fees, each party to an action must bear his or her own attorney fees. *Alyeska Pipeline Service v. Wilderness Society,* 421 U.S. 240, 257 (1975) (superseded by statute on other grounds). The Bankruptcy Court recognized this rule when it stated that "[i]nasmuch as there is not an enforceable agreement between the parties regarding counsel fees incurred during the bankruptcy proceedings, Plaintiff, in order to prevail, must establish that such fees are allowed by a federal statute." (Bankruptcy Court Opinion at 5). The Bankruptcy Court then noted three ways to seek an award of counsel fees in a bankruptcy action: (1) an award of fees using the bankruptcy court's equitable power under 11 U.S.C. § 105(a); (2) an award of fees under Bankruptcy Rule 7054[1]; and (3) an award of fees as a sanction under Bankruptcy Rule 9011[2].

Plaintiff first argues that the Bankruptcy Court erred by refusing to apply the holding in *In re MacDonald*, 69 B.R. 259 (Bankr. D.N.J. 1986), to grant Plaintiff an award of counsel fees incurred by her throughout the bankruptcy proceedings. In that case, the bankruptcy court awarded counsel fees to a debtor's former wife in connection with her adversary action to determine the dischargeability of various debts. *Id*. at 278. In so doing, that court relied on two cases (*In re Dorman*, 3 C.B.C.2d 497 (Bankr. D.N.J. 1981) and *Matter of Romeo*, 16 B.R. 531 (Bankr. D.N.J. 1981)) to state that "[i]t is well settled that legal fees and costs expended by a non-debtor spouse for enforcement of non-dischargeable debts are similarly non-dischargeable." *Id*. The Bankruptcy Court refused to apply the holding of *In re MacDonald*, finding that it was

---

[1] Bankruptcy Rule 7054 provides that "[t]he court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides." Fed. R. Bank. P. 7054. The Bankruptcy Court declined to award attorney fees under Rule 7054 for the same reasons it declined to award attorney fees under 11 U.S.C. Section 105(a). The Court notes, however, that Rule 7054 governs whether costs are to be awarded to a prevailing party in an adversary proceeding, not attorney fees. Therefore, the Court finds that Rule 7054 is inapplicable to the issue of whether Plaintiff may be awarded counsel fees.

[2] Plaintiff does not appeal the Bankruptcy Court's determination that Rule 9011 was inapplicable under the circumstances.

4

decided without reference to the "American Rule" of not awarding counsel fees.  Instead, the Bankruptcy Court was guided by the rationale in *In re S.S.*, 271 B.R. 240 (Bankr. D.N.J. 2002), which found no legal basis for awarding counsel fees to a plaintiff for prosecuting a non-dischargeability action.  271 B.R. at 248.  The Court finds no error in the Bankruptcy Court's determination that, in the absence of an agreement between the parties or a statutory provision that would entitle Plaintiff to an award of counsel fees, it did not have the authority to make such an award.

Plaintiff also argues that the Bankruptcy Court erred in failing to sanction Defendant under its inherent power to do so pursuant to 11 U.S.C. § 105(a)[3].  Plaintiff claims that, in determining whether Defendant's conduct was sufficiently vexatious or in bad faith to warrant the award of attorney's fees, the Bankruptcy Court overlooked certain of Defendant's conduct and "failed to appreciate the nearly seven years of bad faith conduct by [Defendant]." (Plaintiff's Brief at 14).  Plaintiff states that "in all of the many years of litigation with [Defendant], the bankruptcy court is the only court that has refused to recognize [Defendant]'s bad faith conduct and grant Plaintiff an award of attorney's fees." (Plaintiff's Brief at 15).

Citing to *In re Nichols*, 221 B.R. 275 (Bankr. N.D. Okla. 1998), the Bankruptcy Court noted that "[w]hen invoking their power to sanction under [11 U.S.C. § 105(a)], courts have generally found subjective bad faith and vexatious, wanton and oppressive conduct." (Bankruptcy Court Opinion at 6).  In reviewing Defendant's conduct, the Bankruptcy Court found that "[Defendant] failed to comply with various discovery demands and was less-than forthcoming with his obligations as a debtor."  (Bankruptcy Court Opinion at 6).  The

---

[3]   11 U.S.C. § 105(a) provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

Bankruptcy Court then determined that sanctions, in the form of attorneys fees, were not appropriate.

The Court notes that the Third Circuit has not expressly addressed whether 11 U.S.C. § 105(a) is a codification of the inherent power of federal courts to sanction bad faith conduct as recognized by the United States Supreme Court in *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) or whether a bankruptcy court may sanction under the inherent power recognized in *Chambers* even when 11 U.S.C. § 105(a) is inapplicable. *See generally In re Beers*, 2009 WL 4282270 at *6 (D.N.J.) (discussing power of bankruptcy courts to sanction). However, regardless of whether the inherent authority of a bankruptcy court to impose sanctions derives from 11 U.S.C. § 105(a) or is simply rooted in *Chambers*, the Bankruptcy Court determined that a finding of "subjective bad faith and vexatious, wanton and oppressive conduct" was necessary to impose a sanction of attorney's fees. Plaintiff does not dispute this requirement on appeal and the Court finds it appropriate. *See In re Beers*, 2009 WL 4282270 at *7 (D.N.J.) ("While the Third Circuit has not made clear when sanctions may be imposed based upon something less than bad faith conduct, this Court agrees with the Bankruptcy Court that when the sanction sought involves fee-shifting, a finding of bad faith is indeed required.").

In the instant matter, the Bankruptcy Court held oral argument on the issue of awarding counsel fees to Plaintiff for fees incurred in connection with the bankruptcy proceedings. In making its decision, the Bankruptcy Court quoted from an opinion issued in connection with the divorce proceedings which "characterized Defendant as having 'demonstrated bad faith' throughout the divorce proceedings, and noted that 'well over half of Plaintiff's legal fees have been unnecessarily consumed in an effort to counteract the [Defendant's] obstreperous behavior.'" (Bankruptcy Court Opinion at 3, ¶ 1). In addition, the Bankruptcy Court noted that,

"[t]hroughout the remainder of the bankruptcy proceedings, Plaintiff incurred significant legal fees in protecting her right to domestic support and ensuring that the Superior Court findings were upheld."  (Id. at 3, ¶ 5).  The Bankruptcy Court also considered evidence showing that Defendant failed to comply with various discovery requests, which resulted in the filing of two motions to strike Defendant's answer by Plaintiff and numerous appearances by counsel.  (Id. at 4, ¶ 8).

Based on the fact findings above, it appears that the Bankruptcy Court could have found that the Defendant engaged in sufficiently vexatious or bad faith conduct to warrant the award of attorney's fees incurred in the bankruptcy proceedings pursuant to 11 U.S.C. § 105(a).  Although the fact findings above seem to lead to the opposite conclusion, the Bankruptcy Court was in the best position to reach its conclusion and this Court is loathe to substitute its judgment.  Because the Bankruptcy Court took into account and considered Defendant's conduct in both the divorce and bankruptcy proceedings and because the Bankruptcy Court is in the best position to make such a determination, the Court finds that the Bankruptcy Court's decision was not in error.

## IV.    CONCLUSION

For the reasons stated above, the Court affirms the order of the Bankruptcy Court.  An appropriate order will issue.

/s/ JOEL A. PISANO
United States District Judge

Dated: May 23, 2011